UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
B&A DEMOLITION AND REMOVAL, INC.,

               Plaintiff,

        -against-

MARKEL INSURANCE COMPANY,

               Defendant.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
11-cv-572 (ADS)(ARL)

**APPEARANCES:**

**Law Office of Brian J. Davis P.C.**
*Attorneys for the plaintiff*
400 Garden City Plaza
Suite 450
Garden City, NY 11530
    By:    Brian J. Davis, Esq., of Counsel

**Traub Lieberman Straus & Shrewsberry LLP**
*Attorneys for the defendant*
7 Skyline Drive
Hawthorne, NY 10532
    By:    Brian Margolies, Esq.
            Meryl R. Lieberman, Esq., of Counsel

**Bee Ready Fishbein Hatter & Donovan LLP**
*Attorneys for the proposed intervenor plaintiff Town of Hempstead*
170 Old Country Road
Mineola, NY 11501
    By:    Joshua Michael Jemal, Esq., of Counsel

**SPATT, District Judge.**

       The plaintiff in this case, B&A Demolition and Removal, Inc. ("B&A") seeks a

declaratory judgment against the defendant Markel Insurance Company, LLC

("Markel"), affirming that Markel has an obligation to indemnify B&A in a lawsuit

presently pending in New York State Supreme Court. In addition, the Town of

Hempstead seeks to intervene as a plaintiff in this case in support of B&A's position. For the reasons that follow, the Court denies both Markel's motion to dismiss and the Town of Hempstead's motion to intervene.

## I. BACKGROUND

This derivative action relates to a case commenced on April 13, 2009 in New York Supreme Court, Nassau County, by Parabit Realty LLC and Parabit Systems Inc. (collectively, "Parabit") against the Town of Hempstead, B&A, and several other persons (the "Parabit Lawsuit"). Parabit owns a building at 35 Debevoise Avenue in Roosevelt, New York, and alleges in the Parabit Lawsuit that B&A and the Town of Hempstead are responsible for having damaged that building during construction of an adjacent structure.

When the Parabit Lawsuit was filed, B&A held insurance with the present-defendant Markel that covered the type of claim that Parabit had asserted against B&A. However, it was not until November 17, 2009, approximately seven months after Parabit commenced this lawsuit, that B&A notified Markel of the pending claims. Under the parties' insurance contract, B&A's notice to Markel of the Parabit Lawsuit was not timely—although B&A alleges that this delay did not prejudice Markel. On December 2, 2009, Markel disclaimed liability to B&A under their insurance contract, based on this delay in providing notice. On December 10, 2010, just over a year later, B&A commenced the present suit in New York Supreme Court, Nassau County, seeking to compel Markel to honor its coverage. After removal to this Court, Markel moved on February 11, 2011 to dismiss B&A's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

B&A bases its lawsuit on a relatively new provision of the New York Insurance Law, which took effect on January 17, 2009.  Prior to that date, an insurer was permitted to issue contracts that allowed it to deny coverage to an insured based on an untimely notice of claim—even when the delay did not prejudice the insurer.  Under the new rule, insurance contracts must provide that an insurer may avoid coverage based on untimely notice *only* if the insurer is prejudiced by the delay.  B&A contends that the new rule governs the parties' insurance contract, and that to deny coverage, Markel must show that it was prejudiced by B&A's late notice.  Markel maintains that the old rule controls, and that the untimeliness of B&A's notice is reason enough to disclaim liability.

Before the Court ruled on Markel's motion to dismiss, the Town of Hempstead moved on May 13, 2011 to intervene as a plaintiff in this action.  The Town of Hempstead is a co-defendant with B&A in the Parabit Lawsuit, and maintains that it has a contractual right to be indemnified by B&A if Parabit succeeds against the Town of Hempstead in that underlying lawsuit.   The Town of Hempstead further maintains that B&A was contractually obligated to purchase insurance to protect this indemnification right, and that a disclaimer from Markel would, in practical terms, vitiate the Town of Hempstead's indemnification rights against B&A.  The Town of Hempstead therefore requests to intervene in this case, or in the alternative, to be named an *amicus curiae* in this case.  Markel opposes this application by the Town of Hempstead.

## II. DISCUSSION

**A. As to Markel's Motion to Dismiss**

**1. Standard on a Motion to Dismiss**

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

**2. The Applicability of New York Insurance Law § 3429(a)(5)**

As noted above, the primary dispute in this case turns on the applicability of New York's new rule requiring insurers to show prejudice as a prerequisite to

disclaiming liability based on an untimely notice of claim. That rule is codified at N.Y. Ins. L. § 3420(a), which provides in pertinent part:

> No policy or contract insuring against liability for injury to . . . or destruction of[] property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable to the insured . . . :
>
> > (5) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured . . . unless the failure to provide timely notice has prejudiced the insurer . . . .

Significantly, this new rule applies *only* to insurance policies that were "issued or delivered" on or after January 17, 2009. See An Act to Amend the Civil Practice Law and Rules and the Insurance Law, in Relation to Liability Insurance Policies § 8, 2008 N.Y. Sess. Laws 388 (McKinney) ("This act shall take effect on the one hundred eightieth day after it shall have become a law, and shall apply to policies issued or delivered in this state on or after such date and to any action maintained under such a policy . . . ."); see also Rockland Exposition, Inc. v. Great Am. Assur. Co., 746 F. Supp. 2d 528, 533 n.6 (S.D.N.Y. 2010).

Here, the plaintiff appears to concede that its policy with Markel was issued prior to January 17, 2009, and that this is not a basis for application of the prejudice rule. (See Compl., ¶ 4 ("On October 13, 2008, the Defendant Markel bound a commercial general liability insurance policy on behalf of the Plaintiff").) However, the Court understands B&A's complaint to allege that Markel did not *deliver* the insurance policy to B&A until February 18, 2009. As the prejudice rule was declared to apply to "policies issued *or* delivered" after January 17, 2009, see 2008 N.Y. Sess. Laws 388 (emphasis added), B&A contends that the new rule applies to this policy

5

because, although it was issued before January 17, 2009, the policy was delivered after that date.

In response, Markel first asserts that the issuance of the insurance policy in October 2008 was alone sufficient to avoid application of the prejudice rule. (See Def.'s Mem. L. in Supp. Mot. to Dismiss at 10 ("Based on the date of the binder alone, the Policy should be considered 'issued or delivered' prior to January 17, 2009.").) However, this argument merely misreads the relevant rule concerning applicability of the revised Section 3420(a). Based on the state legislature's guidance and the language of Section 3420(a), the prejudice rule applies to policies that were *either* issued *or* delivered after January 17, 2009. A policy need not be *both* issued *and* delivered after January 17, 2009 for the new rule to apply. Thus, the rule provides that an insurance contract that is issued *before* January 17, 2009 but delivered *after* that date will be governed by the amended Section 3420(a). Markel cannot therefore rely on the date of issuance of the policy to show that B&A's claim is invalid.

Second, Markel asserts that, in any event, it *did* deliver the insurance contract to the plaintiff prior to January 17, 2009. This, of course, contradicts the plaintiff's allegations, and ordinarily would not be a valid basis for supporting a motion to dismiss. Iqbal, 129 S. Ct. at 1949 ("a court must accept as true all of the allegations contained in a complaint"). Nevertheless, Markel maintains that B&A's complaint incorporates by reference an email by which the policy was delivered to B&A on December 1, 2008, and that the Court may therefore consider that document at this stage in the case. (See Def.'s Mem. L. in Supp. of Mot. to Dismiss at 5–6 (citing Blue

6

Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004).)

Specifically, Markel points to paragraph 6 of the complaint, which states that:

> [Markel's insurance agent] alleges to have sent to [B&A's insurance agent] an email to its employee, Mr. Pat Erickson, on December 1, 2008, and Mr. Eriskson has denied receipt of that email, and/or a copy of the policy that was purportedly attached on December 1, 2008 or anytime thereafter.

(Compl., ¶ 6.) However, whether or not this paragraph of the complaint incorporates by reference a December 1, 2008 email to B&A attaching the insurance contract, Markel does not actually submit such a document. Rather, Markel submits a different email, purporting to show Markel sending the contract to its *own* insurance agent on December 1, 2008. (Aff. Pat Dunstan, Ex. 4.) In addition, Markel also attaches a computer screen image of a typed log from Markel's insurance agent, showing that a policy was "emailed to Big pat" on December 1, 2008, with an explanation that "this log cannot be altered." (Id.)

Neither of these submitted documents were incorporated into the complaint by reference, and thus the Court may not consider them at this time. See Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006) (noting that, on a Rule 12(b)(6) motion to dismiss, a court may only consider documents (1) that are integral to the complaint, (2) about which there is "no dispute" as to accuracy, and (3) that are obviously relevant). Moreover, neither document, even if admissible at trial, would be sufficient evidence to conclusively show that the policy was delivered to B&A before January 17, 2009.

Thus, assuming the truth of the plaintiff's complaint, the Court treats the insurance policy as having been delivered after January 17, 2009. Further, the Court

7

finds that, based on this allegation, the amended Section 3420(a) applies to the contract for purposes of this motion to dismiss. The Court thus concludes that B&A has stated a valid claim against Markel, and Markel's Rule 12(b)(6) motion to dismiss is denied.

**B. As to The Town of Hempstead's Motion to Intervene**

In addition, the Town of Hempstead has moved to intervene in this action as a plaintiff, pursuant to Fed. R. Civ. P. 24(a)(2) and(b)(1)(B), which provide for compulsory and permissive intervention in federal actions. The Court has reviewed the parties' papers on this motion as well as the relevant law, and finds that intervention is not appropriate at this time.

For a party to intervene in a case as of right under Rule 24(a)(2), that party must have an interest in the case that is "'direct, substantial, and legally protectable.'". United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir. 2001) (quoting Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)). According to the Second Circuit, "[a]n interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Washington Elec., 922 F.2d at 97.

Here, the Town of Hempstead has at best a contingent interest in this case. No judgment has been entered in the Parabit Lawsuit, and barring such a judgment, the Town of Hempstead has no basis for seeking indemnification from B&A. The Town of Hempstead's interest in this litigation therefore remains inchoate, and contingent upon the outcome of the Parabit Lawsuit. Intervention is thus improper. See National Fire Ins. Co. of Hartford v. Starbro Const. Corp., No. 08-cv-3200, 2009 WL 2602281, *5

(E.D.N.Y. 2009) ("Without an unsatisfied judgment against Defendants, Plaintiff has no legally protectable interest in litigating the terms of the [Defendants' agreements with their insurance carrier].").

The Town of Hempstead opposes this conclusion by noting that it has a contractual right to have B&A indemnify it from any loss in the Parabit Lawsuit—a right that the Town of Hempstead characterizes as "real" and "not contingent or derivative". (Proposed Intervenor's Reply at 2.) However, at least for the purposes of this case, that indemnification right *is* "contingent upon the occurrence of a sequence of events before it becomes colorable," Washington Elec., 922 F.2d at 9. Namely, indemnification from B&A depends on the entry of a judgment against the Town of Hempstead in the Parabit Lawsuit, without which the Town of Hempstead has no basis for such indemnification. The Court therefore finds that the Town of Hempstead does not have a sufficient interest in this action to support intervention, and denies its motion to intervene as of right. For similar reasons, the Court also denies the Town of Hempstead's motion for permissive intervention.

Finally, the Town of Hempstead has asked in the alternative to be named an *amicus curiae* in this case. With respect to the defendant's motion to dismiss, that request is denied as moot. As for future motions in this case, the Court will entertain a request from the Town of Hempstead to submit *amicus curiae* briefing on any such motion at the time any such motion is filed.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion to dismiss the complaint by the defendant Markel pursuant to Rule 12(b)(6) is denied; and it is further

**ORDERED** that the motion by the Town of Hempstead to intervene is denied.

**SO ORDERED.**

Dated: Central Islip, New York
August 9, 2011

                                                      _/s/ Arthur D. Spatt_
                                                     ARTHUR D. SPATT
                                               United States District Judge